UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY HARRIS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>POLICE DEP'T CITY OF N.Y 48th PRECINCT<br>250 CROSS BRONX EXPRESSWAY,<br><br>                    Defendant. | 25-CV-6681 (DEH)<br><br>ORDER OF SERVICE |

DALE E. HO, United States District Judge:

Plaintiff, currently incarcerated at the Eric M. Taylor Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that New York City police officers from the 48th Precinct, conducted illegal, warrantless searches on: (1) his apartment, located at 2408 Prospect Avenue, Unit 1B, in Bronx County, on June 17, 2024; and (2) another dwelling, located at 450 Cross Bronx Expressway, on February 26, 2025. By order dated September 15, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Claims against the NYPD/48th precinct and the City of New York

The Court must dismiss Plaintiff's claims against the 48th Precinct, a subsidiary of the NYPD, an agency of the City of New York, because it is not a suable entity. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Gordon v. Gordon*, No. 25 Civ. 170, 2025 WL 1517961, at *3 (S.D.N.Y. May 27, 2025) ("As an initial matter, any claims against the 79th Precinct or the NYPD itself must be dismissed because an agency of the City of New York is not an entity that can be sued."); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Thus, the Court dismisses Plaintiff's claims against the NYPD/48th Precinct for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add the City of New York as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**B.    The unidentified defendants**

**1.    Police personnel involved in the June 17, 2024 search**

"It is a basic principle of Fourth Amendment law that searches and seizures inside one's home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). "[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." *Loria v. Gorman*, 306 F.3d 1271, 1283 (2d Cir. 2002). Although Defendants may be able to show exigent circumstances, Plaintiff's allegations of a warrantless entry of his home on June 17, 2024, appear to be sufficient at this stage. *See, e.g.*, *Domeneck v. City of New York*, No. 18 Civ. 7419, 2019 WL 5727409, at *8 (S.D.N.Y. Nov. 5, 2019) (denying motion to dismiss Fourth Amendment seizure claim where the applicability of the probable cause exception to the warrant requirement "depend[ed] on facts not available" at that stage of the proceeding).

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying defendants. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the City of New York and the NYPD to identify the police officers and detectives from the 48th Precinct who were involved in the events surrounding the search of Plaintiff's Bronx County apartment on June 17, 2024. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

**2.      Police personnel involved in the February 26, 2025 search**

It does not appear that the residence located at 450 Cross Bronx Expressway, searched on February 26, 2025, was Plaintiff's home, and he does not explain his connection to it. It is thus not clear that he has standing to assert a Fourth Amendment claim arising from that search. *See Minnesota v. Carter*, 525 U.S. 83, 90 (holding that, although an overnight guest may have standing to assert claims of unreasonable entry and search of a residence, a guest who is "merely present with the consent of the householder may not"); *Jacobs v. Aiken,* No. 16 Civ. 1242, 2021 WL 4443942, at *5 (E.D.N.Y. Aug. 31, 2021) (holding that "[a]n individual who is a mere guest in an apartment and does not demonstrate a 'degree of acceptance into the household' equal to that of an overnight guest does not have a reasonable expectation of privacy sufficient to make a Fourth Amendment challenge to an entry into the premises.") (citing *Carter*, 525 U.S. at 90)).

Accordingly, the Court dismisses Plaintiff's claim that the police violated his Fourth Amendment rights in connection with the search of 450 Cross Bronx Expressway on February 26, 2025, for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead his claim in connection with the February 26, 2025 search, should he wish to do so. When Plaintiff amends his complaint to add the names of the officers and detectives involved in the June 17, 2024 search, he may reassert his claim involving the February 26, 2025 search, and provide any additional facts regarding his relationship to the dwelling that would assist the Court in determining his standing to assert such a claim.

**CONCLUSION**

The Court dismisses, for failure to state a claim, Plaintiff's claims against the New York City Police Department/48th Precinct, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses the claim arising from the February 26, 2025 search, with leave to replead, as set forth in this order.

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

The Clerk of Court is also directed to mail an information package to Plaintiff.

An "Amended Complaint" form is attached to this order.

SO ORDERED.

Dated:    October 1, 2025
          New York, New York

_____
          DALE E. HO
          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ **Civ.** _____ (   )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

*Rev. 01/2010*                                    1

Defendant  No. 2          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5          Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.     Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

        2.      What was the result, if any?
                _____
                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

      2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*

_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td><td>A.</td><td>Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?</td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff  _____
Defendants  _____

2. Court (if federal court, name the district; if state court, name the county)  _____
_____

3.    Docket or Index number  _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit  _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff  _____
Defendants  _____

2.    Court (if federal court, name the district; if state court, name the county)  _____
_____

3.    Docket or Index number  _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit  _____

*Rev. 01/2010*                                    6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number            _____

Institution Address        _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                                    7